# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DERRICK L. FREEMAN, ) <br> ) <br> Defendant. ) <br> ) | Case No. 13-20070-01 (Criminal) <br> 15-CV-9584 (Civil) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Derrick L. Freeman's Motion to Set-Aside and Re-Enter Judgment of Conviction for Purposes of Permitting Defendant to File a Notice of Appeal (Doc. 223) and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 231) alleging ineffective assistance of counsel.[1] The government filed a response and argued that defendant's motions are untimely. Alternatively, the government requested a hearing on defendant's motions if they were not dismissed. The court held an evidentiary hearing on August 16, 2017, and for the reasons set forth below, dismisses defendant's motions as untimely.

I.  **Factual Background**

Defendant pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to Counts One, Three, and Five of the superseding indictment. The parties proposed a sentence of 300 months in prison, three years of supervised release, and the mandatory special assessment of $100 per count of conviction. Defendant's plea agreement contained an appeal waiver—specifically, defendant

---

[1] Defendant withdrew his due process claim, Ground I, at the evidentiary hearing on August 16, 2017.

"knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed."

The court accepted the parties' recommendations and in accordance with the parties' plea agreement, the court imposed a 300-month sentence—240 months on Count One, and 60 months each on Counts Three and Five, to be served concurrently. Judgment was entered on January 14, 2014. No direct appeal was filed and defendant filed his motion to set aside judgment and § 2255 motion on August 24, 2015, and November 16, 2015, respectively.

## II. Legal Standards

The Antiterroism and Effective Death Penalty Act ("AEDPA") governs defendant's § 2255 motion and establishes a one-year limitations period for federal prisoners seeking habeas relief. The limitations period commences on the latest of two relevant dates—the date on which the judgment of conviction becomes final, or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence. 28 U.S.C. § 2255(f)(1), (4); *United States v. Denny*, 694 F.3d 1185, 1188 (10th Cir. 2012). The court generally assumes that the limitations period begins to run at the time the movant's conviction becomes final unless the movant can show that it should begin at a later time. *See United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006).

## III. Discussion

Defendant claims that he instructed trial counsel, Mr. Thomas Bartee, to file a notice of appeal. Defendant alleges that Mr. Bartee made affirmative representations to both defendant and his family that an appeal would be filed on sentencing issues; however, defendant recently discovered that no appeal was filed.

Defendant's plea agreement contained an explicit waiver of appeal rights. Yet the court is mindful that defense counsel may not refuse to file a notice of appeal based upon a waiver in the plea

agreement. *United States v. Parker*, 720 F.3d 781, 786 (10th Cir. 2013). "[A] lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable." *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 477–78 (2000)). "'[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit[].' This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Flores-Ortega*, 528 U.S. at 477.

The Tenth Circuit has found that defense counsel's failure to file a notice of appeal, especially when there is an appeal waiver, is not egregious misconduct to justify equitable tolling. *See United States v. Romero–Cruz*, 245 F. App'x. 797, 800–01 (10th Cir. Aug. 20, 2007). On the other hand, the one-year clock under § 2255(f)(4) is a discovery rule provision that delays the accrual of a cause of action until the supporting facts could have been discovered through due diligence. *Denny*, 694 F.3d at 1189. The date on which the defendant should have discovered defense counsel's failure to file an appeal is a fact-specific inquiry. *See United States v. Lopez*, 194 F. App'x 511, 513 (10th Cir. 2006). Courts gauge reasonable diligence under an objective standard and consider when the defendant could have reasonably discovered that defense counsel failed to file a notice of appeal. *Id.*

### a. Due diligence

At the evidentiary hearing, defendant testified that he pleaded guilty because Mr. Bartee assured him that his appeal rights were preserved. Even though he received the 300-month sentence he had asked for in the plea agreement, defendant claimed that he wanted the appeal to allow him to take advantage of favorable laws subsequently developed.

Defendant testified that he was housed at five different facilities from the time he was sentenced on January 14, 2014, until he arrived at Terre Haute, Indiana in 2015. At each facility, defendant claims he called Mr. Bartee and spoke with two different assistants on several occasions. Defendant testified that he asked about the status of his appeal, and was told by these assistants that he would have to discuss the matter with Mr. Bartee. Defendant alleges that he left messages for Mr. Bartee, but Mr. Bartee never returned defendant's phone calls. Defendant also testified that he had another inmate assist him in writing a letter to Mr. Bartee inquiring about his appeal.

When defendant was in Terre Haute, he met a jailhouse lawyer who was aware of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The jailhouse lawyer helped defendant look up his case on a computer, and that was when defendant discovered that no appeal had been filed. Defendant cannot read or write, and he asked the jailhouse lawyer to assist him in preparing his postconviction motions.

The court finds that defendant did not exercise reasonable due diligence in determining the status of his appeal. Defendant testified that he once asked his ex-fiancé to check on his appeal, however, he did not ask any other family or friends to help him. Defendant chose not to call his ex-fiancé to testify at his evidentiary hearing. Defendant did not ask a counselor to help him even though he testified that he used the counselors' office phones to call trial counsel. He did not call the clerk's office for either the district court or the Tenth Circuit to inquire about the status of his appeal. Defendant testified that there were computers at other facilities that inmates could use, but he did not know how to use them. He also did not ask another inmate and/or employee to help him use the computers.

The court appreciates the fact that defendant cannot read or write and is diagnosed with a learning and/or mental disability. Defendant, however, has spent a significant amount of his adult life in custody, and he is familiar with the prison system. At defendant's sentencing hearing, the court told

defendant that had 14 days from the entry of judgment to file a notice of appeal. Defendant stated that he did not receive any paperwork associated with an appeal or assigning an appellate case number. As *Johnson* was decided on June 26, 2015, defendant let approximately 17 months expire before he had another person assist him in looking up his case. Defendant did not testify that other inmates and/or employees refused to help him look up his case; he simply did not ask for help. Thus, defendant failed to exercise reasonable due diligence, and his motions were filed beyond the one-year statutory period under 28 U.S.C. § 2255(f)(1) and (4).

### b. Ineffective Assistance

Even if defendant's motions were timely, the court credits Mr. Bartee's testimony and finds that he did not provide deficient representation. Mr. Bartee has more than 20 years of experience as a criminal defense attorney, including appellate work. Mr. Bartee testified that his typical practice included filing a notice of appeal, after consultation, when asked by a client. Mr. Bartee stated that his practice remained the same even if his client pleaded guilty pursuant to Rule 11(c)(1)(C) plea agreement that included an appeal waiver because it is the client's right to file an appeal.

Mr. Bartee reviewed his case file and there were no documents reflecting that defendant or defendant's family asked him to file an appeal. Defendant's testimony contradicted his written claim stating that Mr. Bartee told his family that he would file an appeal. Defendant testified that his family was not present at sentencing, and defendant's mother testified she was unaware her son had pleaded guilty and was sentenced until sometime later. Mr. Bartee stated that he found a letter from defendant asking to be added to the list of people who might be eligible for relief under *Johnson*; however, there was no letter inquiring about the status of an appeal. Mr. Bartee also testified that if defendant called the main office phone, the front desk receptionist would have forwarded defendant's phone call to his

voicemail.  Mr. Bartee explained that the receptionist was not one to screen phone calls, and he received no phone calls or messages from defendant asking about his appeal.

The court finds Mr. Bartee to be credible and further that defendant did not ask Mr. Bartee to file an appeal.  Therefore, defendant cannot meet his burden under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) and *Flores-Ortega*, 528 U.S. at 477, and he is not entitled to relief.

Given that this hearing finally disposes of defendant's habeas motions, the court must consider whether to issue a certificate of appealability.  The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that Ground II in defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 231) is dismissed as time-barred.  Defendant has withdrawn Ground I.

**IT IS FURTHER ORDERED** that defendant's Motion to Set-Aside and Re-enter Judgment of Conviction for Purposes of Permitting Defendant to File a Notice of Appeal (Doc. 223) is denied as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 31st day of August, 2017, at Kansas City, Kansas.

                                                                 s/ Carlos Murguia
                                                                 **CARLOS MURGUIA**
                                                                 **United States District Judge**