# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**DERRICK L. FREEMAN (01),**

    **Defendant.**

      **Case No. 13-20070-01-DDC**

## MEMORANDUM AND ORDER

Defendant Derrick L. Freeman filed a pro se[1] "Motion for A 90-Day Extension To File A Second or Successive 28 USC 2255 Petition" (Doc. 333).  This request skids into several jurisdictional guardrails.  Concluding that his motion is unripe or otherwise beyond the court's jurisdictional reach, the court dismisses the motion for lack of subject matter jurisdiction.

### I. Background

On October 21, 2013, Mr. Freeman pleaded guilty to (1) conspiracy to commit interference with interstate commerce by threat or violence violating 18 U.S.C. §§ 1951, 2; (2) taking a motor vehicle by force, violence and intimidation with intent to cause death or serious bodily harm violating 18 U.S.C. §§ 2119, 2; and (3) being a felon in possession of a firearm violating 18 U.S.C. §§ 922(g)(1), 924(a)(2).  *See* Doc. 95 at 1–6; *see also* Doc. 96 at 1.  The court sentenced Mr. Freeman to 300 months in prison.  Doc. 158 at 3.  He did not appeal.  Doc. 223 at 1.

---

[1] Because Mr. Freeman filed this motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110.  Mr. Freeman's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

On November 16, 2015, Mr. Freeman filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 231).  The motion sought relief based on alleged denial of his due process rights and Mr. Freeman's attorney's alleged failure to file an appeal at his request.  *See id.* at 4–8.  The court denied the motion because (1) Mr. Freeman failed to file it in a timely fashion, and (2) he did not make a substantial showing of the denial of a constitutional right.  Doc. 270 at 5–6.  On September 10, 2017, Mr. Freeman sought a certificate of appealability from the Tenth Circuit under 28 U.S.C. § 2253(c)(1)(B) to appeal the district court's decision denying his § 2255 motion.  Doc. 271 at 1.  The Tenth Circuit denied a certificate of appealability and dismissed the appeal.  Doc. 280 at 5.

 On August 7, 2020, Mr. Freeman filed a "Motion For A 90-Day Extension To File A Second or Successive 28 USC 2255 Petition" (Doc. 333).  Mr. Freeman asserts that he intends to seek relief based on a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019).  Doc. 333 at 1–2.  Mr. Freeman asserts that given *Davis*, his sentence under 18 U.S.C. § 924(c) "is now void."  *Id.* at 2.  Mr. Freeman acknowledges that the time to file a second or successive § 2255 motion has expired but moves the court to extend his deadline to file a second or successive § 2255 motion because several impediments prevented him from filing in a timely fashion.  *Id.* at 1–2.  He explains that those impediments include a mailroom mix-up, COVID-19 lockdowns, and lack of access to the prison law library.  *See id.* at 1; Doc. 338 at 1–2.  The government filed a Response (Doc. 337).  And Mr. Freeman filed a Reply (Doc. 338) and also a "Motion to Compel Judgment" (Doc. 355) that the court liberally construes as asking the court to rule on his now-ripe "Motion for A 90-Day Extension."

The court now analyzes whether the motion to extend falls within its jurisdictional limits.

## II.     Discussion

Federal law authorizes criminal defendants to seek post-conviction relief under 28 U.S.C. § 2255.  But requests for relief under that statute face strict procedural requirements, including a limitations period.  *See* 28 U.S.C. § 2255(f).  Second or successive motions face further requirements.  *See* 28 U.S.C. § 2255(h); *see also In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).  Here, Mr. Freeman styles his pro se motion as one seeking to extend the filing deadline for § 2255 motions.  Doc. 333 at 1.  The court considers the alternative ways it might liberally construe Mr. Freeman's request.  Ultimately, whether the court construes it as a (1) motion to extend the limitations period, (2) motion for equitable tolling, or (3) motion to vacate, set aside or correct under § 2255, the outcome is the same:  the court must dismiss Mr. Freeman's motion for lack of subject matter jurisdiction.  The court now explains why.

### A.  Motion to Extend the Filing Deadline

Mr. Freeman moves the court to extend his deadline to file a second or successive § 2255 motion.  But the court lacks the authority to extend the deadline for a prisoner to bring a § 2255 motion.  *See Washington v. United States*, 221 F.3d 1354, 1354 (10th Cir. 2000) (reasoning that "any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process" and holding that the district court did not abuse its discretion in denying defendant's request for an extension of the AEDPA statute of limitations).  Here, Congress chose not to confer power for the court to grant a simple extension of Mr. Freeman's deadline to file his § 2255 motion.

Moreover, that deadline already has passed.  The court thus considers whether Mr. Freeman's pro se motion is better construed as one for equitable tolling, and if so, whether the court has subject matter jurisdiction to consider it.

**B.  Motion for Equitable Tolling**

Since the relevant deadline here already had expired before Mr. Freeman filed his

motion, the request to extend his filing deadline appears more like a motion to apply the doctrine

of equitable tolling to his failure to meet the deadline.  The court thus liberally construes Mr.

Freeman's pro motion as one seeking equitable tolling.

"It is well established in this Circuit that AEDPA's one-year limitations period is not

jurisdictional but is, instead, subject to equitable tolling."  *United States v. Verners*, 15 F. App'x

657, 659 (10th Cir. 2001).  But courts cannot consider a request for equitable tolling absent an

actual § 2255 motion.  The "question of equitable tolling is ripe for adjudication only when a §

2255 motion has actually been filed and the statute of limitations has been raised by the

respondent or the court *sua sponte*."  *Id.* at 660; *see also United States v. Daniels*, 191 F. App'x

622, 622 (10th Cir. 2006) (affirming district court's dismissal of defendant's motion to file a §

2255 motion out of time for lack of jurisdiction because the defendant had not yet filed his actual

§ 2255 motion); *United States v. Lucero*, No. 07-20122-03-KHV, 2010 WL 5069570, at *1 (D.

Kan. Dec. 7, 2010) ("Because defendant has not yet filed a Section 2255 motion, any request for

the Court to grant an extension under the doctrine of equitable tolling is not ripe.").

When a motion to toll or extend the time to file a § 2255 motion lacks a corresponding §

2255 motion, the court may (1) dismiss the motion as unripe, or (2) recharacterize it as a § 2255

motion.  *See, e.g.*, *United States v. McGoff-Lovelady*, No. 06-20060-03-JWL, 2008 WL 544237,

at *2–3 (D. Kan. Feb. 22, 2008) (first noting that when "a motion for extension of time is filed

without a § 2255 already being filed, the courts have discretion between either dismissing the

motion or recharacterizing the motion as a § 2255 motion" and then recharacterizing defendant's

motion for extension of time as defendant's first § 2255 motion where defendant's filings,

"liberally construed, can arguably be interpreted as a claim of ineffective assistance of counsel"); *United States v. Bedolla*, No. 04-40001-01-SAC, 2008 WL 2949565 at *1 (D. Kan. July 30, 2008) (dismissing motion for extension of time to file a § 2255 motion for lack of jurisdiction after declining to recharacterize it as a § 2255 motion).

Here, Mr. Freeman has yet to file a § 2255 motion that corresponds to his request about the filing deadline.  And the content of the request cautions against construing it as a § 2255 motion.  Mr. Freeman's motion merely forecasts a future request for relief under § 2255.  *See* Doc. 333 at 1.  Although the motion here previews the arguments that Mr. Freeman intends to raise in his future § 2255 motion, it does not present those arguments with any meaningful detail. *See id.* at 1–2.  Mr. Freeman's motion cannot be liberally construed as a collateral attack on his sentence.  So, the court cannot construe Mr. Freeman's motion as one under § 2255.  Instead, the court simply dismisses it as unripe.

In this case, this distinction makes little difference.  "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."  *In re Cline*, 531 F.3d at 1250 (first citing 28 U.S.C. § 2244(b)(3)(A); then citing 28 U.S.C. § 2255(h)).  Mr. Freeman has not received that authorization from the Tenth Circuit.  So even if the court construed his motion here as a § 2255 motion, the court still lacks subject matter jurisdiction.

### III.    Conclusion

Mr. Freeman asks the court to extend a filing deadline that already has passed and which the court lacks authority to extend in the first place.  Even when construed as a motion for equitable tolling, the request arrives as an unripe request.  Because Mr. Freeman has not yet filed a motion under § 2255, his request for equitable tolling of filing deadline is premature.  And the

court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals grants defendant authority to file that motion—and it has not yet done so here.  For these reasons, the court dismisses his motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Derrick L. Freeman's "Motion to Compel Judgment" (Doc. 355) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Derrick L. Freeman's "Motion For A 90-Day Extension To File A Second or Successive 28 U.S.C. 2255 Petition" (Doc. 333) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 16th day of March, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
