**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | **Case No. 13-20070-01-DDC** |
| DERRICK L. FREEMAN (01), | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Defendant Derrick Freeman filed a pro se[1] "Motion Seeking Court Order to Pay
Quarterly Payments with Regard to Assessment and Restitution" (Doc. 373) on November 12,
2021.  Mr. Freeman alleges that the Bureau of Prisons ("BOP") directed him to pay $236 per
month towards his assessment fee and restitution.  *Id.* at 2.  Mr. Freeman argues the BOP
shouldn't have included his receipt of a one-time stimulus payment when it calculated his
capacity to pay.  *Id.*  Mr. Freeman asserts he is unable to pay $236 per month and asks the court
for an order requiring the BOP to set his financial obligation at $25 to $50 per quarter.  *Id.* at 3.
The government responds that the court lacks jurisdiction to decide the motion because Mr.
Freeman instead must file a petition in the district where he is confined rather than the District of
Kansas.  Doc. 375 at 4.  The government also argues that Mr. Freeman has not exhausted his
administrative remedies.  *Id.*

---

[1]      Because Mr. Freeman filed his motion pro se, the court construes his filings liberally and holds
them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d
1106, 1110 (10th Cir. 1991).  But the court does not become an advocate for the pro se party.  *See id*.  Mr.
Freeman's pro se status does not excuse him from complying with the court's rules or facing the
consequences of noncompliance.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Because Mr. Freeman did not file his motion in the district where he is confined, the court lacks jurisdiction over his motion.  And, even if Mr. Freeman had filed a petition in the correct district, he has not shown that he has exhausted his administrative remedies.  The court dismisses Mr. Freeman's motion for these reasons, as explained more fully below.

## I.      Factual and Procedural Background

On October 21, 2013, Mr. Freeman pleaded guilty to (1) Conspiracy to Commit Hobbs Act Robbery violating 18 U.S.C. § 1951; (2) Carjacking violating 18 U.S.C. §§ 2119 and 2; and (3) Felon in Possession of a Firearm violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Doc. 95. On January 13, 2014, the court sentenced Mr. Freeman to 300 months in prison and three years of supervised release.  Doc. 158.  Mr. Freeman is currently confined in Thomson, Illinois.  Doc. 375 at 4.

The court's sentence also ordered Mr. Freeman to pay $300 in special assessment fees and $5,105.77 in restitution.  Doc. 158 at 6.  The Judgement provides that Mr. Freeman must make

> Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of [Mr. Freeman's] monthly gross household income over a period of three years, to commence thirty days after release from imprisonment to a term of supervision[.]

Doc. 158 at 7 (emphasis omitted).  On November 12, 2021, Mr. Freeman filed a "Motion Seeking Court Order to Pay Quarterly Payments with Regard to Assessment and Restitution." Doc. 373.

## II.      Legal Standard

The court construes Mr. Freeman's request for an order to modify his restitution payments as a habeas corpus petition under 28 U.S.C. § 2241.  Our Circuit has held that an

incarcerated person who petitions the court to modify his restitution payments must present that request by filing a petition for habeas corpus under § 2241 because "a challenge to the BOP's authority to set restitution payment terms goes to the execution of [an incarcerated person's] sentence[.]" *Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (citing *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007)); *see also Rice v. Thompson*, No. 21-16200, 2021 WL 6103019, at *1 (9th Cir. Dec. 22, 2021) (construing an incarcerated person's request to modify his restitution payments as a habeas corpus petition under § 2241).

A petition under § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A court must dismiss a petition under § 2241 if it is not filed in the correct district because the court lacks jurisdiction. *See United States v. Shaw*, 508 F. App'x 769, 773 (10th Cir. 2013).

Also, before "seeking relief under § 2241, federal prisoners must exhaust administrative remedies." *Wallette*, 321 F. App'x at 738 (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)). This requirement protects the authority of the BOP and "promotes efficiency in adjudicating claims." *Id.* To exhaust administrative remedies, an incarcerated person who seeks judicial relief generally must attempt to resolve his issue informally and then file with a formal request. *See* 28 C.F.R. § 542.10–542.19.

### III.    Analysis

Mr. Freeman asserts that on November 1, 2021, his Unit Team directed him to pay $236 per month towards his special assessment fee and restitution order. Doc. 373 at 1–2. Mr. Freeman argues that this amount is unreasonable because the BOP, when calculating his payment plan, considered his receipt of an $1,800 Economic Impact Payment. *Id.* Mr. Freeman received the payment on September 19, 2021. Doc. 375 at 3.

3

Mr. Freeman argues the BOP shouldn't include the $1,800 Economic Impact Payment in calculating his ability to pay because it was a one-time stimulus payment. Doc. 373 at 3. So, Mr. Freeman argues, the one-time payment doesn't accurately represent his true capacity to pay. *Id.* Mr. Freeman asks the court for an order modifying the $236 monthly payment to $25–50 per quarter. *Id.* The government responds that the court lacks jurisdiction to hear Mr. Freeman's motion because Mr. Freeman must instead file his petition in the district where he is confined—which isn't Kansas—rather than here in the District of Kansas. Doc. 375 at 3–4. The government also argues that Mr. Freeman must exhaust his administrative remedies before a court may consider his motion. *Id.*

The court agrees with the government. Because Mr. Freeman is incarcerated in Thomson, Illinois, he must bring any court challenge to his sentence, including restitution payments, in the Central District of Illinois. *Bradshaw*, 86 F.3d at 166. This court lacks jurisdiction to hear Mr. Freeman's current motion. Thus, the court must dismiss it. *Rice*, 2021 WL 6103019, at *1. Also, on the current record before the court, it does not appear that Mr. Freeman has exhausted his administrative remedies. The burden is on Mr. Freeman to show that he exhausted his administrative remedies before he may seek judicial relief. *Williams*, 792 F.2d at 987.

## IV.    Conclusion

For these reasons, the court dismisses Mr. Freeman's "Motion Seeking Court Order to Pay Quarterly Payments with Regard to Assessment and Restitution" (Doc. 373) because it lacks jurisdiction over it.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Freeman's "Motion Seeking Court Order to Pay Quarterly Payments with Regard to Assessment and Restitution" (Doc. 373) is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 3rd day of February, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
